# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 3, 2024

```
* * * * * * * * * * * * * * * * * * * * * * * *
MOISES ZUNIGA,                          *        PUBLISHED
                                        *
                 Petitioner,            *        No. 22-1345V
                                        *
v.                                      *        Special Master Nora Beth Dorsey
                                        *
SECRETARY OF HEALTH                     *        Damages Award; Influenza ("Flu")
AND HUMAN SERVICES,                     *        Vaccination; Guillain-Barre Syndrome
                                        *        ("GBS").
                 Respondent.            *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Ivo Auston, Steigmann Law, P.C., Savoy, IL, for Petitioner.
Kimberly Shubert Davey, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES BASED ON PROFFER[1]

On September 21, 2022, Moises Zuniga ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2]  Petitioner alleged that that he developed Guillain-Barré syndrome ("GBS") after receipt of an influenza ("flu") vaccination on September 24, 2019. Petition at Preamble (ECF No. 1); Petitioner's Exhibit ("Pet. Ex.") 3 at 1.  On September 5, 2023,[3] the undersigned issued a ruling finding Petitioner entitled to compensation.  Ruling on Entitlement dated Sept. 5, 2023 (ECF No. 35).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018).  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

[3] The Proffer incorrectly notes the date of the Ruling on Entitlement as October 2, 2023.

On December 3, 2024, Respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. Proffer at 2. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioner:

**(1) A lump sum payment of $621,946.34, representing $250,000.00 in pain and suffering, $30,608.88 in past unreimbursable expenses, and $341,337.46 in past lost wages, in the form of a check payable to Petitioner.**

Proffer at 2. This amount represents all elements of compensation to which Petitioner is entitled under § 15(a). Id.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[4]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

_____
)
MOISES ZUNIGA,                          )
                                        )
              Petitioner,               )
                                        )      No. 22-1345V
       v.                               )      Special Master Dorsey
                                        )
SECRETARY OF HEALTH AND                 )
HUMAN SERVICES,                         )
                                        )
              Respondent.               )
                                        )
_____ )

**PROFFER ON AWARD OF COMPENSATION[1]**

**I.      Procedural History**

On September 21, 2022, Moises Zuniga ("petitioner") filed a petition for compensation

("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -

34, *as amended*.  He alleges that, as a result of receiving the influenza vaccine on September 25,

2019, he suffered from Guillain-Barre Syndrome (GBS).  *See* Petition at 1.  On September 5,

2023, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner suffered GBS as

defined by the Vaccine Injury Table, within the Table timeframe.  On October 2, 2023, Special

Master Dorsey issued a ruling on entitlement, finding that petitioner was entitled to

compensation for a GBS Table injury.

**II.     Items of Compensation**

A.  Pain and Suffering

Respondent proffers that petitioner should be awarded $250,000.00 in pain and suffering.

_____

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after
the Damages Decision is issued.

*See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $30,608.88. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

C. Past Lost Wages

Evidence supplied by petitioner documents that he incurred past lost wages related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past lost wages in the amount of $341,337.46. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

III. **Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Special Master's decision and the Court's judgment award the following: A lump sum payment of **$621,946.34** in the form of a check payable to petitioner.[2] Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

*s/ Kimberly S. Davey*
KIMBERLY S. DAVEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 307-1815
Email:  kimberly.davey@usdoj.gov

DATED: December 3, 2024